Ira R. Shipley, Appellant, v. W. L. Edwards, Appellee.

1. **Assault and Battery**: SELF DEFENSE: EVIDENCE. Where the evidence in a civil action for assault and battery showed that the defendant assaulted the plaintiff upon no other provocation than that of offensive language, and that the plaintiff, in resisting the assault, used no more force than was necessary for that purpose, and that the defendant, during the encounter, bit off a portion of the plaintiff's ear, and also bit him on the cheek and thumb, *held*, that a verdict for the defendant upon the ground of self-defense should have been set aside as being against the law and the evidence.

2. **Practice**: MISCONDUCT OF ATTORNEY IN ARGUMENT. On the trial of a civil action for assault and battery, counsel for the defendant stated to the jury that the defendant had already been tried criminally for the acts complained of, and had been convicted and fined, and that he had already been sufficiently punished. *Held*, that the remark was entirely without warrant, but that, after the court had given an instruction upon the matter in the language asked by the plaintiff, he had no further ground of complaint.

*Appeal from Guthrie District Court.*—Hon. O. B. Ayers, Judge.

Thursday, January 26, 1893.

Action for personal injuries. From a judgment for the defendant, the plaintiff appeals.—*Reversed.*

*S. D. Nichols,* for appellant.

*J. D. Brown* and *E. R. Sayles,* for appellee.

Granger, J.—On the twenty-first day of November, 1889, the plaintiff and the defendant were attending a public auction sale. The plaintiff had, in the election preceding, been a candidate for office. At the auction sale they met and engaged in a conversation, during which the plaintiff called attention to remarks made by the defendant against him during the canvass. As a result, there was first a quarrel of words, and then a physical encounter, during which the defendant bit off a portion of the ear of the plaintiff, and also bit him on the cheek and thumb, resulting in a permanent disfigurement, temporary prostration, and the attendant physical and mental suffering. This action is to recover for the damages resulting. The answer is a denial, except as to facts expressly admitted, and contains a plea of justification on the ground that the defendant acted in self-defense and under provocation.

I. We first notice the claim of the appellant that the verdict is without support in the evidence. It is to 1. Assault and battery: self-defense: evidence. our minds clearly so. The conclusion is controlled by a few facts, mainly without dispute, or testified to by the defendant. The court gave the rule that "no mere words, however insulting or offensive, will justify an assault or an assault and battery." The parties were engaged in a dispute in which the plaintiff accused the defendant

with having made misrepresentations as to him, such as that he (plaintiff) had paid a man one hundred and fifty dollars to obtain a pension for him; that he was a drinking man, and -had been peddling or boot-legging whisky around over the country. This was in part denied by the defendant, who stated some things he had said, and then said they were facts that could be proved. The plaintiff answered: "It is a falsehood. You have been misrepresenting me." Some words followed this, when the defendant said: "There may have been a misunderstanding about this matter; but if you say I lied about you, or any other man, you are a God damned old liar." To this the plaintiff answered that the defendant was a liar. The defendant said, "I won't take that," and stepped aside, and took off his overcoat and undercoat. During this time the parties had so separated that they were from ten to twenty steps apart. The plaintiff had on his overcoat, muffler, and other wraps, which he did not attempt to remove. The defendant testifies that one Lockwood said to him when he took off his coats," 'Better keep your coat on; better keep cool, and not have a row;' and the thought came to me that it would be better, and I stopped right there, and I perhaps hadn't advanced a foot after I pulled off my coat. When this Mr. Lockwood * * said this to me I stopped. Mr. Shipley had passed up towards the gate. Just outside, he kind of faced towards me and said: 'Let him come. I can knock hell out of the God damned rebel, bushwhacking son of a bitch.' " There is a dispute as to the plaintiff's having used these words, but we give the defendant's version of it. The defendant then says: "I struck at him just as soon as I could get within reach of him."

Without quoting the particular language of the defendant further, it is sufficient to say that he states in evidence that he attempted to "whip" the plaintiff because of the language he had used. After the assault

by the defendant, there were blows by each and a clinch, and the parties fell, the plaintiff being uppermost; and it was while in this position that the biting was done, of which complaint is made. The justification urged by defendant for thus mutilating plaintiff is that after the assault it became necessary to do as he did to protect himself from the efforts of plaintiff to gouge and strike him. When defendant made the assault he undertook unlawfully and by violence to punish plaintiff for the words he had spoken. It was not for one moment to be supposed that he expected to accomplish such a purpose without resistance such as he experienced. The defendant in making the assault engaged in a fight. The theory of self-defense by him is without any support whatever in the record. Without saying that, where a party is the aggressor in such a contest, the situation may not be so changed as to justify acts of violence by him as a defense against unnecessary violence or force by his adversary, it is sufficient to say that there is not· a shadow of evidence in this case to indicate such a situation. Being the assailant, and by his acts justifying sufficient violence or force by the plaintiff to repel the attack, certainly, before he could under the law assume the attitude of one acting in self-defense, he should have in some manner indicated a change of purpose and a desire to stop the conflict. We look in vain for evidence to show that from the assault to their separation the defendant was acting otherwise than in pursuance of his purpose to whip the plaintiff. The resistance or force used by the plaintiff was not only not excessive, but was not adequate for protection against the assault. Nor was there force or means used by the plaintiff that was not to be expected from such an assault. If the language of the plaintiff just before the assault is to be construed as a willingness to fight, the legal situation is not changed, for the court said to the jury that, if the

parties voluntarily engaged in the fight, the defendant was liable for the injuries inflicted. Our statement of the case is the most favorable to the defendant that the record will warrant, for it is in the main his own conclusions as to the facts. Other evidence puts many of his statements in doubt, but the facts as to which there is a conflict we resolve in his favor. There is, we think, no view of the case upon which the defendant should escape liability for the assault and the injuries he has inflicted, and if the court had said to the jury that, under the undisputed facts the plaintiff should recover, its action would have been sustained.

II. In the argument of the case to the jury, one of the counsel for the defendant said to the jury, in substance, that the defendant had already been tried criminally for the acts complained of in this cause, and had been convicted and fined, and that, if the defendant deserved any punishment, he had already been sufficiently punished therefor. The plaintiff objected to the remark, and complains that the court did not, at his request, instruct the jury that in assessing damage it should not consider the fact of the criminal conviction and punishment. With our finding that the verdict is without support in the evidence, we might infer prejudice from a remark so entirely unwarranted and foreign to the case. Its purpose must have been to excite prejudice, and in argument there is no attempt to vindicate it. The court gave an instruction, in the language asked by the plaintiff, bearing on this particular point; its application being only to the exemplary damages. The court might well assume that the instruction was asked as broadly as it was desired, and in that respect there was no error.

2. PRACTICE: misconduct of attorney in argument.

We discover no other question which, in view of a new trial, we need consider. For the error suggested, the judgment is REVERSED.